UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA WATSON,

  Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.
_____/

Case No. 14-cv-13481

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
CHARLES E. BINDER

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [23], ACCEPTING REPORT AND RECOMMENDATION [22], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[17], AND AFFIRMING THE COMMISSIONER'S DECISION**

**I. INTRODUCTION**

Melissa Watson ("Watson" or "Plaintiff") brought this action against the Commissioner of Social Security ("the Commissioner" or "Defendant") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) on September 8, 2014.  *See* Dkt. No. 1.  In the complaint, Watson challenged the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). This Court referred the matter to Magistrate Judge David R. Grand on September 9, 2014. *See* Dkt. No. 4. The case was reassigned to Magistrate Judge Charles E. Binder on March 30, 2015 pursuant to Administrative Order 15-AO-027.

  Watson filed a Motion for Summary Judgment on February 11, 2015.  *See* Dkt. No. 17. The Commissioner also filed a Motion for Summary Judgment on March 12, 2015. *See* Dkt. No. 19. On May 18, 2015, Watson filed a "Reply Brief" to the Commissioner's Motion for Summary Judgment. *See* Dkt. No. 21.

- 1 -

On May 26, 2015, Magistrate Judge Binder determined the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence, and that Watson retained the residual functional capacity for a limited range of sedentary work. *See* Dkt. No. 22. Accordingly, Magistrate Judge Binder recommended that the Plaintiff's Motion for Summary Judgment [17] be denied and the Defendant's Motion for Summary Judgment [19] be granted. *See id.*

On June 1, 2015 Watson submitted her "Objections to Magistrate's Report and Recommendation." *See* Dkt. No. 23. The Commissioner responded to Watson's objections on June 4, 2015. *See* Dkt. Nos. 24, 25. After reviewing Watson's Objections to Magistrate's Report and Recommendation, the Court will **OVERRULE** Watson's Objections [#23] and **ACCEPT** Magistrate Judge Binder's Report and Recommendation [#22].

## II. DISCUSSION

### A. Standard of Review

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of these portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether the ALJ's findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotations omitted); *see also McGlothin v. Comm'r of Soc. Sec.,* 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

### B. Legal Analysis

Watson raises one objection with three different arguments in her "Objections to Magistrate's Report and Recommendation." *See* Dkt. No. 23 at 1. Watson objects, arguing that the Magistrate's Report fails to address the following: (1) that the ALJ's Decisions failed to give controlling weight to the opinions of treating physicians Dr. Akbar and Dr. Ahmed and treating psychiatrist Dr. Kondapaneni, (2) that the ALJ's Decision failed to give good reasons for not giving those physicians' opinions controlling weight, and (3) that the ALJ Decision failed to state what weight it did give to those physicians' opinions. *See* Dkt. No. 23 at 1.

As an initial matter, the Court notes that it is in agreement with Magistrate Judge Binder's ultimate conclusion. When reviewing the decision of the ALJ pursuant to 42 U.S.C. § 405(g), the district court is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. at 401. The Magistrate Judge acknowledged that there is medical evidence on both sides, but after review, the Magistrate Judge could not say that the Commissioner's conclusion was not supportable. *See* Dkt. No 22 at 9.

Specifically, Judge Binder found that "[g]iven the lack of objective clinical evidence of disability during the relevant period, the [ALJ] could reasonably find that Plaintiff's impairments

did not prevent her from performing a reduced range of sedentary work." *Id*. at 9. In reaching that conclusion, the Magistrate Judge discussed two of the physicians specifically, and ultimately concluded that there was "substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work. . . ." Dkt. No 22 at 6; *see also id.* at 6-10 (explaining in detail the finding that the ALJ's finding was supported by substnaial evidence.").

Notably, Watson does not point out any flaws in the reasoning of Magistrate Judge Binder's Report and Recommendation. Instead, Watson reiterates arguments that were within her Motion for Summary Judgment [17] and her Reply Brief [21]. *Compare* Dkt. No. 23 (making the present argument), *with* Dkt. No. 17 at 8-25 (arguing the same in Plaintiff's Motion for Summary Judgment), *and* Dkt. No. 21 (arguing the same in Plaintiff's Reply Brief).

Magistrate Judge Binder likely did not specifically address these arguments made by Watson, because it is readily apparent from the record that they lack merit. Watson's arguments can best be summed up as follows: (1) the ALJ did not give "good reasons" for not giving the opinions of Dr. Akbar, Dr. Ahmed, and Dr. Kondapaneni controlling weight, and (2) the ALJ "failed to state what weight it did give to those physicians opinions." But a review of the record shows that the ALJ *did* give "good reasons" for not giving those physicians opinions controlling weight, and *did* state exactly what weight was given.

With respect to Dr. Akbar's opinion, for example, the ALJ explained: "I have given it some weight." Dkt. No. 12-2 at 37. The ALJ did not give Dr. Akbar's opinion controlling weight because the ALJ found that "the claimant's consistently normal gait and functional range of motion weighs against a finding that she would need to alternate between sitting and standing."

*Id.* The ALJ concluded "the record as a whole, including the claimant's daily activities, precludes this opinion's entitlement to controlling weight." *Id.*

For Dr. Ahmed's opinion, the ALJ specifically stated: "I have given this opinion little weight." Dkt. No. 12-2 at 38. The ALJ noted that "although Dr. Ahmed has been treating the claimant for approximately one year, there is no evidence that he has performed a comprehensive physical examination, including assessment of her lumbar spine and peripheral joints." *Id.* at 37. The ALJ gave a particular emphasis to the fact that the findings "reported by other physicians . . . do not support the extreme exertional limitations Dr. Ahmed describes." *Id.* at 38.

Lastly, the ALJ specifically noted that "Dr. Kondapaneni's opinion is entitled to some weight[.]" Dkt. No. 12-2 at 38. However, the ALJ specified that Dr. Kondapaneni's opinion was only entitled to some weight "to the extent it is consistent with the residual functional capacity[.]" *Id.* The ALJ did not give Dr. Kondapaneni's assessment controlling weight for two reasons: (1) because it could not "be readily translated into a residual functional capacity determination," *id.*, and (2) because the ALJ noted that the opinion was "not fully consistent with Dr. Kondapaneni's records, which generally showed intact thought processes, normal speech, and euthymic mood." *Id*.

The Court emphasizes that the "ALJ need not set forth an exhaustive 'factor-by-factor' analysis as long as the ALJ gives 'good reasons' for the weight assigned to the treating sources opinion." *Flowers v. Comm'r of Soc. Sec.*, No. 13-11457, 2014 WL 4855037, at *4 (E.D. Mich. Sept. 30, 2014) (quoting *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 805 (6th Cir. 2011). "[T]he treating-source rule is not 'a procrustean bed, requiring an arbitrary conformity at all times[.]'" *Francis*, 414 F. App'x at 805 (quoting *Friend v. Comm'r of Soc. Sec.,* 375 F. App'x. 543, 551 (6th Cir. 2010) (per curiam)). It is enough that "the decision permits the claimant and a

reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion[.]" *Friend*, 375 F. App'x at 551.

Here, the ALJ's decision gives the claimant and this court a clear understanding of the reasons for the weight given to the opinions of Dr. Akbar, Dr. Ahmed, and Dr. Kondapaneni. *See* Dkt. No. 12-2 at 37-38. The ALJ gave reasoning for his findings and explained the weight given to the opinions. Thus, the ALJ gave the "procedural safeguard of reasons—meeting the goal of the regulation—and the only true disagreement lies within the merits of the reasons themselves." *Francis*, 414 F. App'x at 805.

To the extent, Watson challenges the merits of the ALJ's "good reasons" this Court finds the challenge to be without merit. The ALJ deemed the opinions of Dr. Akbar, Dr. Ahmed, and Dr. Kondapaneni to be unsupported by substantial evidence, and cited specific inconsistencies between each of the doctors' opinions and Watson's objective clinical findings in the record. Put differently, the ALJ identified the opinions as being "incompatible" with the record and identified "the specific discrepancies [] to explain why it is the treating physician's conclusion that gets the short end of the stick." *Friend*, 375 F. App'x at 552. This being the case, this Court finds that the ALJ set forth "good reasons" for not giving controlling weight to the opinions of Dr. Akbar, Dr. Ahmed, and Dr. Kondapaneni. Because there was substantial evidence to support the decision of the ALJ, the Court will **OVERRULE** Watson's Objection.

- 7 -

### III. CONCLUSION

For the reasons discussed, the Court **HEARBY OVERRULES** Plaintiff's Objections [23]; **ACCEPTS** Magistrate Judge Binder's Report and Recommendation [22]; **GRANTS** Defendant's Motion for Summary Judgment [19]; **DENIES** Plaintiff's Motion for Summary Judgment [17], and **AFFIRMS** the Commissioner's Decision.

SO ORDERED.

Dated: July 22, 2015  /s/Gershwin A Drain  
Hon. Gershwin A. Drain  
United States District Court Judge